IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAMIYELL VAUGHTER,                  :    CIVIL ACTION
                                    :    NO. 12-00493
          Petitioner,              :
                                    :
     v.                             :
                                    :
JON T. FISHER, ET AL.,              :
                                    :
          Respondents.              :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         March 24, 2014

<u>Table of Contents</u>

I.    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . 2
II.   LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . 9
III.  DISCUSSION . . . . . . . . . . . . . . . . . . . . . . 12
      A.   <u>Claims Subject to Procedural Default</u> . . . . . . . 12
      1.   Procedural Default Due to Independent and Adequate
           State Procedural Grounds . . . . . . . . . . 13
      2.   Pennsylvania State Procedural Doctrine of Waiver
           . . . . . . . . . . . . . . . . . . . . . . 14
      3.   Fifth and Sixth Amendment Claims Based on Officer
           Baker's Trial Testimony, as well as Trial and PCRA
           Counsels' Failure to Raise and Pursue Related
           Claims (Ground 2) . . . . . . . . . . . . . 16
      4.   Fourteenth and Sixth Amendment Claims Based on
           Trial Evidence of Witness Tampering (Ground 3). 17
      5.   Sixth Amendment Ineffective Assistance of Counsel
           Based on Trial Counsel's Failure to call Darlene
           Studevan (Ground 5(a)). . . . . . . . . . . 19
      6.   Sixth Amendment Claims Based on a Juror's Inability
           to Participate in Sentencing at Trial (Ground 7)
           . . . . . . . . . . . . . . . . . . . . . . 21
      7.   Petitioner's Objections to a Finding of Procedural
           Default . . . . . . . . . . . . . . . . . . 23
      8.   Excuse for Petitioner's Procedural Default of
           Claims Underlying Grounds 2, 3, 5(a), and 7 . . 25
      B.   <u>Exhaustion of State Remedies</u> . . . . . . . . . . . 29
      1.   Fourteenth Amendment <u>Brady</u> Claim (Ground 6) . . 30

          a. Excuse Due to Prosecutorial Suppression . . 31
          b. Excuse Due to Ineffective Assistance of Post-Conviction Counsel . . . . . . . . . . . 33
    2.    Ineffective Assistance of Trial Counsel for Failure to Call Witness Barbara Bass (Ground 5(b)). . . 34
  C.  <u>Claims reviewed on the Merits</u>  . . . . . . . . . 36
    1.    Insufficiency of Evidence at Trial to Support a Finding of Guilt Beyond a Reasonable Doubt (Ground 1) . . . . . . . . . . . . . . . . . . . . 36
          a. Exhaustion of Sufficiency Claim in State Court . . . . . . . . . . . . . . . . . . 38
          b. Standard of Review . . . . . . . . . . . 38
          c. Elements of Petitioner's State Law Crime. . 40
          d. Analysis . . . . . . . . . . . . . . . 42
          e. Sufficiency Claim Based on Inconsistent Testimony of Three Witnesses . . . . . . . 44
IV.  CONCLUSION  . . . . . . . . . . . . . . . . . . 46

Damiyell Vaughter ("Petitioner") is a prisoner at the State Correctional Institution in Huntingdon, Pennsylvania. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") (ECF No. 1) challenging his custody. Magistrate Judge Linda K. Caracappa recommended denial of the Habeas Petition and Petitioner objected to the Report and Recommendation ("R&R") (ECF No. 30) in its entirety. For the reasons that follow, the Court adopts Magistrate Judge Caracappa's Report and Recommendation.

## I.   BACKGROUND

Petitioner is currently serving a life sentence based on convictions for first-degree murder and criminal conspiracy. The convictions stem from an incident on or around February 24,

1998, in which he and a co-conspirator, Mitchell Ash ("Ash"), fired an assault rifle into a residence shared by Sam Brice and his 76-year-old mother, Mary Brice ("Victim"). See R&R 1; Resp. Pet'r's Writ Habeas Corpus ("Gov't Resp."), Ex. F, Sup. Ct. Op., Feb. 13, 2004, ("Sup. Ct. Op.") 2, ECF No. 16-6. Sam Brice was allegedly a doorman in a drug operation operating out of the residence. See Sup. Ct. Op. at 2. The February 24, 1998 shooting allegedly arose as a result of repeated confrontations in prior days between Petitioner and Sam Brice's associates. See id. On February 25, 1998, the police responded to the reports of neighbors concerned that Victim had not emerged from her residence since the prior day's shooting. See id. The officers discovered Victim dead within her residence, having sustained nine bullet wounds, mostly in the back. R&R 1-2; Sup. Ct. Op. 2.

In 1999, Petitioner and Ash were first tried on capital murder charges before a jury in the Pennsylvania Court of Common Pleas, though a mistrial was declared after the jury reached an impasse at the guilt phase. Sup. Ct. Op. 2. A second jury trial concluded on July 10, 2001 with the conviction of both defendants of first-degree murder. See id. A second mistrial was declared after one juror indicated that he could not proceed to the sentencing phase if the Commonwealth was pursuing the death penalty and Petitioner rejected the option of proceeding to sentencing with only eleven jurors. See id. On August 9, 2001,

the Commonwealth informed the trial court that it would no longer seek the death penalty, and so the trial judge sentenced petitioner to life imprisonment. See id. at 2-3. At this time Petitioner challenged the sufficiency of evidence presented at trial to support his conviction; the trial court denied this challenge in an opinion dated April 2, 2002. See Resp. Opp'n, Ex. 3, Pennsylvania Ct. C.P. Op., Apr. 2, 2002 ("Trial Ct. Op."), ECF No. 16-3.

Petitioner appealed his conviction directly to the Pennsylvania Superior Court, claiming: (1) the evidence presented at trial was insufficient to sustain his conviction of first-degree murder, see Sup. Ct. Op. at 3; (2) the evidence presented at trial was insufficient to sustain his conviction of conspiracy, see id. at 3;(3) the trial court erred by failing to order a new trial after one juror withdrew from the case during the penalty phase, see id. at 5; (4) the timing of the retrial did not accord with Petitioner's right to a speedy trial following the original mistrial, see id. at 6; (5) the trial court erred by denying Petitioner's motion to quash the presentation of aggravating circumstances supporting the death penalty, see id. at 7; and (6) the trial court erred by admitting two prejudicial photographs of the murder victim into evidence, see id. On February 13, 2004, the Superior Court affirmed Petitioner's conviction and sentence, issuing an

opinion that rejected each of Petitioner's six claims. See id. Petitioner did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. See R&R 2.

On December 22, 2004, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, et seq., Petitioner submitted a pro se collateral challenge of his convictions to the Pennsylvania Court of Common Pleas. See Gov't Resp., Ex. G, Pet'r's Mot. Post-Conviction Collateral Relief (hereinafter "PCRA Pet."), ECF No. 16-7. This petition raised thirteen grounds for relief based on ineffective assistance of counsel, with allegations that included trial counsel's failure to object to the introduction of particular evidence and statements of law, to "prepare an adequate defense," or to seek various curative instructions. See generally Gov't Resp., Ex. G, Mem. L. Supp. PCRA Pet. 1-5, ECF No. 16-7. Additionally, this pro se petition asserted that the trial court committed errors including: (1) "den[ying] [petitioner] the right to compel witnesses against him;" (2) allowing hearsay testimony of Walter Scott at trial; and (3) adding, sua sponte, a charge of accomplice liability was not included in Petitioner's indictment or bill of particulars. Id. 5-6.

Court-appointed counsel, David Rudenstein, Esq., filed an amended PCRA petition on February 6, 2006, see Gov't Resp., Ex. H, Am. PCRA Pet., ECF No. 16-8, followed by a supporting letter

brief on February 10, 2006, and a supplemental amended petition on October 18, 2007. <u>See</u> <u>id.</u>, Feb. 10, 2006 Letter Br. ("Rudenstein Letter Br."), and Supplemental Am. PCRA Pet. Counsel raised eleven claims within the amended and supplemental amended PCRA petitions. <u>See</u> Am. PCRA Pet. 1-4.

After Mr. Rudenstein filed the amended PCRA petition, Petitioner filed several pro se submissions, including an application to supplement the amended PCRA petition with additional claims that had appeared in the initial pro se PCRA petition but not in the subsequent amended PCRA petition prepared by Mr. Rudenstein. <u>See</u> Gov't Resp., Ex. I, Appl. Supplement Am. PCRA Pet., ECF No. 16-9. Mr. Rudenstein responded by explaining to Petitioner that the amended PCRA petition only included claims that Mr. Rudenstein believed had merit. <u>See</u> <u>id.</u>, Letter from David Rudenstein to Petitioner (Aug. 26, 2008) ("Aug. 26, 2008 Letter"). On June 28, 2007, the Pennsylvania Court of Common Pleas issued a notice, pursuant with Pennsylvania Rule of Criminal Procedure 907, of its intention to dismiss the amended PCRA petition without a hearing. Petitioner filed pro se objections to the Rule 907 notice and again asked the Court to consider his pro se supplemental briefs. <u>See</u> Gov't Resp., Ex. J, Pet'r's Objections Rule 907 Notice Intent Dismiss (July 8, 2007) ("Pet'r's Objections R. 907 Notice"), ECF No. 16-10.

The Court denied the amended PCRA petition on September 13,
2007, and filed an opinion on the matter on February 21, 2008.
See Gov't Resp., Ex. K, Pennsylvania Ct. C.P. Opinion (Feb. 21,
2008) ("Pa. Ct. C.P. PCRA Op."), ECF No. 16-11. This opinion
addressed the eleven claims raised in the amended PCRA petition
filed by Mr. Rudenstein as well as three claims raised by
Petitioner in his supplemental briefs. The supplemental claims
addressed were: (1) ineffective assistance of trial counsel for
failing to object to testimony of Detective Baker regarding
petitioner's pre-arrest silence; (2) ineffective assistance of
trial counsel for interfering with Petitioner's decision to
testify and for failing to present character evidence; and (3)
ineffective assistance of trial and appellate counsel for
failing to raise prosecutorial misconduct in closing arguments.
See id. at 18-23.

Petitioner filed a pro se notice of appeal to the Superior
Court of Pennsylvania, which remanded his appeal on March 27,
2009, to permit Petitioner to re-file with assistance of
counsel. See Gov't Resp., Ex. L, Pennsylvania Sup. Ct. Order
Remanding PCRA Appeal (Mar. 27, 2009), ECF No. 16-12.[1]
Petitioner, represented by Teri B. Himebaugh, Esq., renewed his

---

[1]     This remand was pursuant to the fact that the matter
pending before the Super Court was Petitioner's first PCRA
petition and thus, under Pennsylvania law, he was entitled to
representation by counsel, including on appeal.

7

PCRA appeal on August 18, 2010. See Gov't's Resp., Ex. M, PCRA
Appellate Br. at 16-17, ECF No. 16-13. This brief raised the
following four claims: (1) PCRA counsel was ineffective for
failing to include in the amended PCRA petition every claim
asserted by Petitioner in his pro se petitions; (2) PCRA counsel
was ineffective for not "federalizing" Petitioner's PCRA claims
for later habeas review; (3) the PCRA court erred and violated
Petitioner's due process rights by denying his petition without
conducting a hearing or permitting further amendment of the PCRA
petition; and (4) the PCRA court erred in declining to hold
trial counsel ineffective for not preserving and/or raising on
appeal a challenge to the admission of testimony by
investigating police officers regarding Petitioner's verbal
statements.

On May 4, 2011, the Superior Court of Pennsylvania affirmed
the Court of Common Pleas's dismissal of Petitioner's amended
PCRA petition. See Gov't Resp., Ex. N, Super. Ct. Op. (May 4,
2011) ("Sup. Ct. PCRA Op."), ECF No. 16-14. Petitioner filed a
pro se petition for leave to appeal the Superior Court's
decision to the Pennsylvania Supreme Court. See Gov't Resp., Ex.
O, Pet. Allowance of Appeal, ECF No. 16-15. This petition for
leave to appeal was denied on November 10, 2011. See
Commonwealth v. Vaughter, 32 A.3d 1241 (Pa. 2011).

On January 29, 2012, Petitioner filed, through new counsel,

the instant petition for Writ of Habeas Corpus relief under 28 U.S.C. § 2254, raising seven claims of ineffective assistance of trial and appellate counsel, insufficiency of evidence to sustain Petitioner's conviction, and violation of Petitioner's constitutional rights under the 4th, 5th, 6th, and 14th Amendments. See Habeas Pet. The Commonwealth responds that Petitioner's claims should be dismissed as either untimely or procedurally defaulted and thus that the Habeas Petition should be denied. See Gov't Resp. Upon referral, Judge Caracappa issued a Report and Recommendation to deny the Habeas Petition, in part on the merits and in part for procedural default. R&R at 9-10, 14-18. Petitioner has filed individual objections to the R&R's treatment of each of his six remaining claims,[2] see Pet'r's Objections R&R ("Pet'r's Objections"), ECF No. 31, and so the matter is now ripe for disposition.

## II.  LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. See 28 U.S.C. § 2254 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). A prisoner may object to the magistrate judge's report and recommendations within

---

[2]    Petitioner has withdrawn claim 4 of his original Habeas Petitioner. See R&R 10.

fourteen days after being served with a copy thereof. See 28
U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then
"make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which
objection is made." 28 U.S.C. § 636(b)(1). The Court does not
review general objections. See Brown v. Astrue, 649 F.3d 193,
195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires
district courts to review such objections de novo unless the
objection is not timely or not specific." (internal quotation
marks removed)). The Court "may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the
magistrate judge." 28 U.S.C. § 636(b)(1)(C). Therefore, the
Court will conduct a de novo review of those portions of the
Report and Recommendation to which Petitioner objects.

On habeas review, the Court must determine whether the
state court's adjudication of the claims raised was (1) contrary
to, or an unreasonable application of, clearly established
federal law, or (2) based on an unreasonable determination of
the facts in light of the evidence presented. See 28 U.S.C. §
2254(d) (2006).

Before obtaining federal habeas review of whether his state
confinement violates federal law, a state prisoner must first
exhaust all remedies available in the state courts. See 28
U.S.C. § 2254(b)(1)(A). If a habeas petitioner has a right,

10

under state law, to raise, by available procedure, the question presented in his habeas petitioner, then he has failed to exhaust all available state remedies. <u>See</u> 28 U.S.C. §2254(c). Exhaustion in state court means that the petitioner has "properly presented his claims through one complete round of the State's established appellate review process." <u>Woodford v. Ngo</u>, 548 U.S. 81, 92 (2006) (internal citations omitted); <u>see also</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). Further, the petitioner bears the burden of showing that his federal claim was "fairly presented" in state court, and that the facts, as well as the argument underlying that claim, are "substantial[ly] equivalent" to what the petitioner presented in state court. <u>Santana v. Fenton</u>, 685 F.2d 71, 74-75 (3d Cir. 1982).

"If [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas . . . ." <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991); <u>see also</u> <u>Gray v. Netherland</u>, 518 U.S. 152, 161-62 (1996). The state procedural bar that precludes a petitioner from exhausting his state law remedies and thus prevents federal habeas corpus review must be an "independent and adequate state-law ground." <u>Gray</u>, 518 U.S. at 162 (citing <u>Teague v. Lane</u>, 489 U.S. 288, 297 (1989)). Where

a habeas petitioner has procedural defaulted a claim in this way, he may not seek federal habeas corpus review of the defaulted claim, "unless [he] can demonstrate cause and prejudice for the default." Id.; see also Coleman, 501 U.S. at 750 (stating that in all cases of procedural default, a state petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice" in order to obtain federal habeas review).

## III. DISCUSSION

Magistrate Judge Caracappa recommends that Petitioner's habeas claims be denied without an evidentiary hearing and that there is no probable cause to issue a certificate of appealability. Petitioner has filed specific objections to Judge Caracappa's R&R as to each of the six claims remaining in his Habeas Petition. As such, the Court will now conduct a de novo review of each of Petitioner's six remaining claims.

### A.  Claims Subject to Procedural Default

Because Petitioner specifically objects to the R&R's finding of procedural default as to Grounds 2, 3, 5(a),[3] and 7 of

---

[3]     Because the claims based on the two witnesses involved in Ground 5 were pursued differently in state court, and thus are now subject to different standards of review, the Court will

the Habeas Petition, the Court now reviews these claims de novo.

### 1. Procedural Default Due to Independent and Adequate State Procedural Grounds

A federal court may not conduct habeas review of claims which were rejected by the state court below, if the state court relied upon "a state law ground that is independent of the federal question and adequate to support the judgment." Nolan v. Wynder, 363 F. App'x 868, 871 (3d Cir. 2010) (not precedential); see also Gray, 518 U.S at 162. For the purposes of procedural default, a state law may only be considered "independent" if it does not rest primarily on, or appear to be interwoven with, federal law. See Kirnon v. Klopotoski, 620 F. Supp. 2d 674, 682 (E.D. Pa. 2008) (citing Coleman, 501 U.S. at 734-35); see also Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004).  In addition, a state procedural law may be regarded as "adequate" only if it is "firmly established, readily ascertainable, and regularly followed, at the time of the purported default." Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (quoting Szuchon v. Lehman, 273 F.3d 299, 327 (3d Cir. 2001)).  Implicit within this requirement of adequacy is also a finding by the federal court that the lower state court actually relied on the state procedural rule in denying the claim. See Bronshtein v. Horn, 404 F.3d 700, 708 (3d Cir. 2005). The government bears the

---

hereafter refer to them as Grounds 5(a) (relating to Darlene Studevan) and 5(b) (relating to Barbara Bass).

burden of proving that the state procedural ruling was adequate and independent for purposes of procedural default. See Trest v. Cain, 522 U.S. 87, 89 (1997) (finding that procedural default is an affirmative defense that the government must prove).

2. **Pennsylvania State Procedural Doctrine of Waiver**

The Pennsylvania Supreme Court has provided that "[w]here an appellate brief fails to provide any discussion of a claim with a citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claims is waived."[4] See Commonwealth v. Johnson, 604 Pa. 186, 191 (2009); see also Pa. R.A.P. 2119(a) (providing that each argument in an appellant's brief must be "followed by discussion and citation of authorities as are deemed pertinent").

This doctrine of waiver was "firmly established, readily ascertainable, and regularly followed," Leyva, 504 F.3d at 366, when the Pennsylvania Superior Court ruled that Petition had waived several claims in the 2011 appeal of his PCRA petition. That is, at the time of this ruling, the doctrine of waiver was regularly applied and clearly defined in the Pennsylvania court system. See, e.g., Commonwealth v. Walter, 600 Pa. 392, 404 (Pa.

---

[4]    The Court notes that while Magistrate Judge Caracappa's R&R correctly recites the above language as the prevailing standard applied within Pennsylvania Courts of the waiver doctrine, the R&R incorrectly attributes this language to the text of Pa. R.A.P. 2119(a). see R&R 11-12. The citation included in the R&R is actually from Johnson, a recent Pennsylvania Supreme Court case which interpreted Rule 2119. See Johnson, 604 Pa. at 191.

2009) (stating that an issue is procedurally waived on appeal where a party fails to develop an argument); Commonwealth v. Thomas, 552 Pa. 621, 650 (Pa. 1998); Commonwealth v. Jackson, 494 Pa. 457, 458 n.1 (Pa. 1981) (stating that a party's failure to properly address each claim within an appellate brief violates Pa. R.A.P. 2119(a) and thus "waives consideration of the claim").[5]

The doctrine of waiver is rooted in an application of Pennsylvania's rules of appellate procedure, rather than federal law. Therefore, the doctrine is also "independent" for purposes of procedural default. See Pinchak, 392 F.3d at 557.

Because the Court finds Pennsylvania's appellate procedural doctrine of waiver to be adequate and independent of federal law, those of Petitioner's PCRA appeal claims which were denied on this basis by Pennsylvania Superior Court must be considered procedurally defaulted for the purposes of federal habeas review.

---

[5] The Court notes further that the Third Circuit regularly recognizes that, where a Pennsylvania state appellate court declines to consider a claim on appeal due to this doctrine of waiver, the state court's decision constitutes an independent and adequate state procedural ruling for the purposes of procedural default of a federal habeas claim. See, e.g., Thomas v. Secretary, Pa. Dept. Corr., 495 F. App'x 200, 206-07 (3d Cir. 2012) (not precedential); see also Kirnon, 620 F. Supp. 2d at 683-84; Boggs v. Diguglielmo, Civ. No. 04-5882, 2006 WL 563025, at *3 (E.D. Pa. Mar. 6, 2006); Sims v. Tennis, Civ. No. 06-2705, 2006 WL 3484291, at *2 (E.D. Pa. Nov. 29, 2006).

3.    **Fifth and Sixth Amendment Claims Based on Officer Baker's Trial Testimony, as well as Trial and PCRA Counsels' Failure to Raise and Pursue Related Claims (Ground 2)**

Ground 2 of the Habeas Petition arises from a pre-arrest written statement given by Petitioner to Police Officer David Baker on March 26, 1998, and from the introduction of that testimony at trial. See Habeas Pet. ¶¶ 35, 38. Specifically, Petitioner asserts four related constitutional violations: (1) that Officer Baker neglected to advise Petitioner about his Fifth Amendment right to cease answering questions at any time during a March 26, 1998 pre-arrest interrogation, see id. at ¶¶ 35-36; (2) that Officer Baker further violated Petitioner's Fifth Amendment right to remain silent when Petitioner indicated that he no longer wanted to answer questions, and Officer Baker persisted in having Petitioner review and sign a written statement as well as a form attesting to his adoption of the written statement, see id. ¶¶ 42-46; (3) that Petitioner's Fifth Amendment rights were also compromised at trial when the Commonwealth questioned Officer Baker about Petitioner's invocation of his Fifth Amendment rights during the pre-arrest interrogation, see id. ¶¶ 39-40, 42; and (4) that Petitioner was denied the effective assistance of counsel, in violation of his Sixth Amendment rights, when his trial counsel failed to raise these various Fifth Amendment violations, see id. ¶¶ 37, 41, 47.

16

Petitioner raised these arguments as a pro se supplement to his amended PCRA petition after Mr. Rudenstein chose not to pursue them. See Appl. Supplement Am. PCRA. Pet. 2. The Court of Common Pleas considered these claims, see Pa. Ct. C.P. PCRA Op. 4, but rejected them, finding that Petitioner mischaracterized Officer Baker's testimony and that the references at trial to Petitioner's pre-arrest silence were lawful, see id. at 17-18. Petitioner appealed the denial of his PCRA claims based on Officer Baker's testimony, though on the more limited ground that Mr. Rudenstein had provided unconstitutionally ineffective assistance by failing to assert and advance these various claims in Petitioner's PCRA petition. See PCRA Appellate Br. at 12, 14. The Superior Court denied this ineffective assistance of PCRA counsel claim, finding that the issue was waived under Pa. R.A.P. 2119 due to Petitioner's failure to present a "cogent argument with regard to the issues on appeal." See Sup. Ct. PCRA Op. 7.

Because the Superior Court thus declined to consider the merits of the legal issues underlying Ground 2 of the Habeas Petition due to an independent and adequate state procedural rule, this claim is subject to procedural default.

**4.     Fourteenth and Sixth Amendment Claims Based on Trial Evidence of Witness Tampering (Ground 3)**

Ground 3 of Petitioner's Habeas Petition arises from

17

prosecutorial comments and evidence introduced at Petitioner's
trial regarding threats to a trial witness. Petitioner asserts
that this commentary and evidence was never connected to
Petitioner and thus was introduced in violation of Petitioner's
Fourteenth Amendment Due Process rights. See Habeas Pet. ¶¶ 49-
72. Additionally, Petitioner asserts that his trial attorney's
failure to effectively object to this evidence and commentary,
or to seek a cautionary instruction, constitutes ineffective
assistance of counsel in violation of Petitioner's Sixth
Amendment rights. See id.

Mr. Rudenstein, Petitioner's initial PCRA counsel, raised
this issue in a letter brief in support of Petitioner's amended
PCRA petition, stating that direct appellate counsel was
ineffective for failing to raise and brief the issue of court
error where the court permitted Probation Officer McFillin to
testify as to what Mr. Scott said regarding third-party threats.
See Rudenstein Letter Br. at 15. The merits of this component of
Petitioner's initial PCRA petition were considered by the
Pennsylvania Court of Common Pleas and denied. See Pa. Ct. C.P.
PCRA Op. 13-15.

On appeal, the Pennsylvania Superior Court considered these
constitutional claims regarding the introduction of evidence of
witness intimidation at trial in the context of a claim of
ineffective assistance of PCRA counsel. See Sup. Ct. PCRA Op.

18

n.3. However, the Superior Court did not reach this issue on the merits, finding it procedurally waived due to Petitioner's failure to present a "cogent argument" as required by Pennsylvania's rules of appellate procedure. Id. at 7 (citing to Pa. R. Ap. P. 2119). Because the Superior Court did not reach the merits of the legal claims underlying Ground 3 of the Habeas Petition, instead finding them waived under the state's procedural rules, those claims are procedurally defaulted now.

> ### 5.  Sixth Amendment Ineffective Assistance of Counsel Based on Trial Counsel's Failure to Call Darlene Studevan (Ground 5(a))

Petitioner asserts as Ground 5 of his Habeas Petition that he was denied constitutionally guaranteed effective assistance of counsel due to trial counsel's failure to call two known witnesses at trial. See Habeas Pet. ¶ 78.

The first witness, Darlene Studevan, testified at Petitioner's first trial, in 1999. At this first trial, Darlene Studevan's testimony was presented by Petitioner to undermine the testimony of Denisha Studevan, a prosecution witness whose testimony suggested that Petitioner and Ash had engaged in witness intimidation. Id. ¶ 76.[6] At Petitioner's 2001 retrial,

---

[6] Additionally, Petitioner asserts that trial counsel was ineffective for failing to call Barbara Bass, described as a "worker at the drug house" where the shooting occurred, who, in prior statements to police, had provided an alternative motive and set of suspects for the shooting. Id. ¶ 77. Because Petitioner failed to fully pursue the claim, as related to

Darelene Studevan was not called again as a witness. <u>See</u> PCRA Appellate Br. at 16-17.

Petitioner raised this claim of ineffectiveness of trial counsel for failure to call Darlene Studevan in his initial pro se PCRA petition. <u>See</u> PCRA Pet. at 14. Petitioner's PCRA counsel, Mr. Rudenstein, incorporated the absence of Darlene Studevan at trial into Petitioner's amended PCRA petition, though under the theory that Petitioner was "entitled to a new trial as the result of discovering exculpatory evidence that was not available at the time of trial." Am. PCRA Pet. 4. Rudenstein's PCRA submission contained no further support of this claim of newly discovered exculpatory evidence, stating merely in the amended PCRA petition that "[Petitioner] has identified witness[] Darlene Studevan . . . who[] could provide exculpatory evidence." <u>Id.</u> Consequently, the Pennsylvania Court of Common Pleas did not reach the merits of this claim, instead denying it as "fatally underdeveloped." PA. Ct. C.P. PCRA Op. at 17. Petitioner renewed this claim in his objections to the PCRA Court's Rule 907 Notice of Intent to Dismiss the PCRA petition. <u>See</u> Pet'r's Objections R. 907 Notice at 10. Additionally, after Petitioner's PCRA petition was denied, he included in his appeal the claim that his PCRA counsel, Mr. Rudenstein, had been

Barbara Bass, through the state collateral process, the Court considers this claim separately, under an exhaustion analysis, <u>infra</u>.

constitutionally ineffective for failing to seek PCRA relief
based on the ineffectiveness of trial counsel, for reasons
including the failure to call Darlene Studevan. See id. The
Superior Court found the asserted ineffective assistance of PCRA
counsel claim waived pursuant to Pa. R.A.P. 2119, as
Petitioner's appellate counsel failed to present a "cogent
argument with regards to the issues on appeal." Sup. Ct. PCRA
Op. 7. Accordingly, Ground 5 of the Habeas Petition, as it
relates to the testimony of Darlene Studevan, is procedurally
defaulted, having been denied on independent and adequate
procedural grounds by the state appellate court.

### 6.   Sixth Amendment Claims Based on a Juror's Inability to Participate in Sentencing at Trial (Ground 7)

As a seventh ground for habeas relief, Petitioner asserts
that his Sixth Amendment right to a jury trial was compromised
by trial counsel's failure to move for a new trial when juror
number eleven indicated that he was unable to proceed to
sentencing due to an inability to follow the law regarding the
death penalty. See Habeas Pet. ¶ 84. Petitioner asserts that
this juror's uncooperativeness indicates a structural error in
the guilt phase of the jury trial, as the juror's later
admissions show that his initial voir dire responses were false.
Id. at ¶ 83. Similarly, Petitioner argues that his right to a
jury trial was compromised as this juror, who indicated an

inability to follow the law at sentencing, may have also struggled to correctly apply the law during the guilt phase of trial. Id. ¶ 82.

Petitioner raised this argument previously during his direct appeal, where he claimed that the trial court had committed a reversible error by denying a new trial based on this juror's admission, and further that the court-imposed sentence, based on this juror's judgment of guilt, violated Petitioner's substantive Sixth Amendment rights. See Gov't Resp., Ex. D, Pet'r's Direct Appeal Br. 9-10, ECF No. 16-4. The Pennsylvania Superior Court denied this claim, finding it waived for two reasons. First, the Superior Court noted that Petitioner's trial counsel failed to request such relief at trial, and that under Pennsylvania Rule of Appellate Procedure 302(a), such an issue could not be raised for the first time on appeal. See Sup. Ct. Op. at 5-6. Second, the Superior Court found that the claim was waived pursuant to Pa. R.A.P. 2119, as Petitioner "fail[ed] to develop an adequate argument including citation to authority." Id. at 6.

Petitioner failed to further pursue his constitutional claim based on this issue in his state PCRA petition, and thus this claim has not been exhausted fully in state court and may not be reviewed by the Court for habeas relief. Additionally, even if this ground could be considered exhausted in state

22

court, the Court would be forced to find the claim procedurally defaulted, as Pennsylvania Superior Court declined to consider the claim on the merits, finding it instead waived under the independent and adequate state procedural rules 302(a) and 2119.

### 7. Petitioner's Objections to a Finding of Procedural Default

Petitioner argues that the Superior Court's denial of the legal claims underlying Grounds 2, 3, 5(a), and 7 cannot render these issues procedurally defaulted. In addition to challenging the adequacy of the state doctrine of waiver, which the Court considers and rejects, supra, Petitioner also asserts that the Superior Court's ruling was not procedural, and thus cannot be the basis for finding that Petitioner's claims have been procedurally defaulted here. See Pet'r's Objections at 6.

Petitioner asserts that the Superior Court denied Petitioner's PCRA appeal based on a substantive legal requirement, claiming that the Superior Court denied Petitioner's ineffective assistance of PCRA counsel claims because Petitioner failed to satisfy both the federal Strickland standard and a three-prong Pennsylvania state law standard. Id. at 6-7; see also Strickland v. Washington, 466 U.S. 668 (1984). While Petitioner is correct in his characterization of the law of procedural default, his argument is inapplicable to the case at hand.

23

Petitioner points to the Superior Court's opinion, where, after finding Petitioner's ineffective assistance of counsel claims waived for failure to present a cogent argument, the Court went on to discuss both the federal Strickland standard as well as Pennsylvania's own law governing ineffective assistance claims. See Sup. Ct. PCRA Op. at 7-8. Petitioner interprets this discussion of the Pennsylvania state law governing ineffective assistance claims to indicate that the Superior Court was imposing additional substantive requirements on the PCRA appeal. Accordingly, Petitioner asserts, the claims were denied because the Superior Court found that Petitioner failed to satisfy the state law standard, rather than because the Court found that the claims were procedurally waived. Pet'r's Objections at 6.

Petitioner's argument fails. The Superior Court's opinion is quite clear in deeming these claims waived as procedurally defective. See Sup. Ct. PCRA Op. 7 ("[W]e find that appellant's issues concerning PCRA counsel's ineffective assistance are waived, as he has presented no cogent argument with regard to the issues on appeal.") (citing Pa. R.A.P. 2119).

The Superior Court referred to the substantive elements of Petitioner's ineffective assistance claims, noting that Petitioner failed to meet even the most basic pleading standards and instead had presented merely "bald assertions" that disregarded the recognized legal test for an ineffective

24

assistance of counsel claim, "in favor of a rambling conclusory analysis." See id. at 8-9. The Pennsylvania waiver doctrine is, essentially, an appellate pleading standard requiring that a party set forth authority and factual details of a claim in a manner allowing for meaningful review. See Johnson, 604 Pa. at 191. Meeting this standard has been recognized by the Third Circuit to constitute a procedural requirement. See, e.g., Thomas, 495 F. App'x at 206-07 (not precedential). Accordingly, the Superior Court's criticism of Petitioner's PCRA appeal for failing to set forth a cogent discussion of the substantive elements of an ineffective assistance claim merely bolsters the initial finding of procedural waiver, and does not impose additional substantive requirements.

For these reasons, the Court finds that the Superior Court's ruling on Petitioner's claims of ineffective assistance of PCRA counsel constituted a procedural ruling under the Pennsylvania state doctrine of waiver.

### 8.    Excuse for Petitioner's Procedural Default of Claims Underlying Grounds 2, 3, 5(a), and 7

Petitioner asserts that, to the extent that his claims are subject to procedural default, such default is excused because failure to raise these claims properly in state court is attributable to the ineffectiveness of Petitioner's appellate PCRA counsel. See Reply Br. Supp. Habeas Pet. at 22-24, ECF No.

20. In Coleman v. Thompson, the Supreme Court stated that "attorney ignorance or inadvertence" during state collateral proceedings is not a cause for procedural default of a claim. Coleman, 501 U.S. at 753. Because prisoners, as a general matter, do not have a constitutional right to counsel during collateral attacks on their convictions, the Court thus indicated that errors on the part of collateral counsel could not constitute the sort of constitutional defect necessary to excuse procedural default. See id. at 752-53 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).

Petitioner cites to Martinez v. Ryan, 132 S.Ct. 1309 (2012), where the Supreme Court recognized a narrow exception to the Coleman rule. Martinez involved a habeas petitioner who was barred by state law from raising ineffective assistance of counsel claims on direct appeal and was thus required to raise such claims in the first instance in collateral proceedings. Id. at 1317. As a result, the Court found that where an ineffective assistance of counsel claim could not be raised, as a matter of state law, during the direct appeal process (when a petitioner's Sixth Amendment rights still applied), then procedural default of that claim due to ineffective assistance of counsel during the initial review on collateral appeal could be excused. Id. at

1315.[7] The Court explicitly distinguished between finding cause based on ineffective assistance of counsel at initial-review collateral proceedings and at appellate collateral proceedings. See Martinez, 132 S.Ct. at 1316; see also Trevino, 133 S.Ct. at 1918 (stating that the third prong of the Martinez exception required that the "state collateral review proceeding was the initial review proceeding with respect to the ineffective-assistance-of-trial-counsel claim.") (internal quotations omitted).

Ultimately, the purpose of the Martinez exception is to account for instances where an ineffective assistance of trial counsel claim may only be raised in the first instance at an

---

[7]     The Martinez exception was later expanded, in Trevino v. Thaler, 133 S.Ct. 1911 (2013), to also include instances where state law did not bar raising ineffective assistance of counsel claims entirely on direct appeal, but where the state procedural framework . . . makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity" to raise the claim on direct appeal. Trevino, 133 S.Ct. at 1921

In Pennsylvania, at the time of Petitioner's direct appeal and post-conviction collateral proceedings, raising an ineffective assistance of trial counsel on direct appeal may have been practically, if not theoretically, impossible, see Commonwealth v. Grant, 813 A.3d 726, 733, 737 (Pa. 2002) (citing a "myriad of impracticalities" and "difficulties" impinging on a prisoner's ability to raise ineffective assistance of trial claims on direct appeal in Pennsylvania). However, while these difficulties might allow for a habeas petition to establish cause for procedural default due to ineffective assistance of counsel in initial PCRA proceedings to raise trial-level ineffective assistance claims, per Trevino, this exception does to extend to where procedural default was due to failures of appellate PCRA counsel.

initial-review collateral proceeding, such that ineffective
assistance of counsel at that stage will prevent any other court
from reviewing those claims. As the Supreme Court clarified:

> [t]he same is not true when counsel errs in other
> kinds of postconviction proceedings. While counsel's
> errors in these proceedings preclude any further
> review of the prisoner's claim, the claim will have
> been addressed by one court, whether it be the trial
> court, the appellate court on direct review, or the
> trial court in an initial-review collateral
> proceeding.

Martinez, 132 S.Ct. at 1316.

Any failings of Petitioner's appellate PCRA counsel would
not qualify for the Martinez exception, which explicitly limited
an excusable cause of procedural default to ineffective
assistance of counsel at the initial stage of collateral
proceedings. See id.; Trevino, 133 S.Ct. at 1918. Accordingly,
ineffective assistance of appellate PCRA counsel in raising
these related claims cannot provide a basis for excusing the
procedural default.[8] Because the Court finds that no other basis

---

[8]    Petitioner has previously claimed that his initial PCRA
counsel was ineffective for failing to include or adequately
pursue claims underlying Grounds 2, 3, 5(a), and 7 in the
initial PCRA petition. Some of the issues that Petitioner claims
his initial PCRA counsel, Mr. Rudenstein, failed to effectively
pursue were for ineffective assistance of trial counsel. Id. Had
Petitioner attempted to seek an excuse for the procedural
default of the ineffective assistance of trial counsel claims
based on the ineffective assistance of Mr. Rudenstein, that
theory would have received greater support from the Martinez
decision. Petitioner does not seek to excuse his procedural
default under this theory, however.

for establishing cause is present in this case, the procedural default of claims 2, 3, 5(a), and 7 bars the Court's habeas review of these matters. Grounds 2, 3, 5(a), and 7 are therefore denied.

## B.   **Exhaustion of State Remedies**

As noted supra, Petitioner must exhaust his remedies in state court before he may obtain federal habeas review. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).

In Pennsylvania, petitioners must raise any issues that cannot be addressed on direct appeal in collateral proceedings

---

Even if Petitioner attempted to excuse his procedural default based on the ineffective assistance of Mr. Rudenstein, that theory would still fail. Petitioner cannot show how Mr. Rudenstein ultimately caused the procedural default of Petitioner's ineffective assistance of trial claims at the PCRA appeal stage. Likewise, Petitioner has provided no evidence that Mr. Rudenstein's conduct related to these claims was ineffective, or that the underlying claims of ineffective assistance of trial counsel were substantial, as required to obtain this excuse for procedural default. See Martinez 132 S.Ct. at 1320-21 (indicating that an excuse for procedural default of ineffective assistance of trial counsel claims based on ineffective assistance of initial-review collateral counsel in raising those claims, requires proof that the initial-review collateral counsel was ineffective, that the underlying claim of ineffective assistance of trial counsel claim was "substantial," and that denying habeas relief would prejudice the petitioner.)

under the PCRA. 42 Pa. C.S.A. § 9545. All PCRA petitions must be
filed within one year of the date on which the petitioner's
state-court judgment becomes final. Id. § 9545(b). Pennsylvania
state-court judgments become final "at the conclusion of direct
review, including discretionary review in the Supreme Court of
the United States and the Supreme Court of Pennsylvania, or at
the expiration of time for seeking the review." Id. §
9545(b)(3). PCRA rulings become final for purposes of exhaustion
after the petitioner appeals to the Superior Court of
Pennsylvania. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir.
2004).

### 1.    Fourteenth Amendment Brady Violation (Ground 6)

Petitioner's sixth ground for habeas relief relates to a
claim that the Commonwealth violated his Fourteenth Amendment
Due Process right, under Brady v. Maryland, 373 U.S. 83 (1963),
by failing to disclose consideration provided to two witnesses,
Denisha Studevan and Sam Brice, in exchange for their testimony.[9]
See Habeas Pet. ¶¶ 79-81; see also Br. Supp. Habeas Pet. at 33-
34. Additionally, Petitioner asserts that his trial counsel's
failure to seek out this information violated his Sixth
Amendment right to effective assistance of counsel. See Habeas
Pet. ¶ 81. The specific information that Petitioner asserts was

---

[9]    At trial, these two witnesses identified Petitioner as one
of the assailants involved in the February 24, 1998 shooting.
See Habeas Pet. ¶ 79.

wrongly withheld was that: (1) these witnesses admitted that they were involved in illegal narcotics sales at the time that the February 24, 1998 shooting; (2) Sam Brice had been the target of an ongoing surveillance investigation at the time of his testimony; and (3) Denisha Studevan was under arrest for a narcotics offense at the time of her testimony. See Id. ¶ 79.

Petitioner acknowledges, and a de novo review of the record confirms, that this Brady claim has not been presented previously in state court. See Br. Supp. Habeas Pet. 34. Accordingly, Petitioner has failed to exhaust this claim. Because Petitioner is now procedurally barred from exhausting this claim through a PCRA petition, the claim is now procedurally defaulted for purposes of habeas review.

Petitioner asserts that this claim is excused from procedural default as the failure to raise the claim in state court was "due to either the on-going suppression of this information by the Commonwealth or else due to the post-conviction counsel's ineffective failure to seek it." Id. This argument also fails. Petitioner's failure to exhaustion his Brady claim is not excused under either of these theories, which the Court now considers individually below.

### a) Excuse Due to Prosecutorial Suppression

The Supreme Court has previously recognized that prosecutorial suppression of Brady materials may provide "cause

31

and prejudice" excusing procedural default of a claim on habeas review. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999). To receive this relief, however, a petitioner must show that the suppressed information was material and favorable to the petitioner. See Strickler, 527 U.S. at 282 (noting that these elements establish prejudice, for purposes of excusing procedural default, and that they mirror two elements of an underlying Brady claim). Additionally, the petitioner must establish cause by establishing factors justifying why a claim based on the suppressed Brady materials was not raised at trial. See Id. at 283, 289 (citing as justification for the procedural default of a Brady claim that: "the prosecution withheld exculpatory evidence; petitioner reasonably relied on the prosecution's open file policy . . . ; and the Commonwealth confirmed petitioner's reliance on the open file policy [by representing in state habeas proceedings that petitioner had received all] materials known to the government").

Unlike in Strickler, Petitioner here has provided no evidence of how the Commonwealth allegedly withheld exculpatory information, as required to establish cause for the procedural default. See id. at 276, n.13 & n.14 (showing that a robust factual record, supported by affidavits, documented prior suppression of exculpatory documents). As such, Petitioner fails to demonstrate how the alleged suppression of this evidence

caused the procedural default.

In addition, the alleged exculpatory evidence in this case is described only in vague terms and is not supported by meaningful details or factual evidence. As such, there is no way to evaluate whether this alleged exculpatory evidence relating to witnesses Sam Brice and Denisha Studevan was material, as required for the underlying <u>Brady</u> claim, or whether the suppression of this evidence was prejudicial, as required to excuse Petitioner's procedural default. <u>See</u> <u>Strickler</u>, 527 U.S. at 280 (proving materiality requires a showing that "there is a reasonable probability" that the outcome at trial would be different if the evidence was disclosed); <u>id.</u> at 282 (proving materiality of suppressed <u>Brady</u> evidence is also necessary to excuse a procedural default). For this reason, Petitioner's procedural default of Ground 6 may not be excused by his allegations of procedural suppression.

### b) Excuse Due to Ineffective Assistance of Post-Conviction Counsel

Petitioner also claims that procedural default of this claim may be excused based on ineffective assistance of trial counsel in failing to extract this information and ineffective assistance of PCRA counsel in failing to pursue the claim. However, this claim fails for lack of evidentiary or legal support. Petitioner appears to suggest that his failure to raise

this claim as part of his collateral appeal was due to the ineffective assistance of his PCRA counsel and thus should be excused under <u>Martinez</u>, as discussed <u>supra</u>. However, Petitioner provides no evidence to support why counsel at any stage of Petitioner's trial, direct appeal, or collateral appeal, should have known of this alleged <u>Brady</u> material. Accordingly, Petitioner fails to make even a basic showing of how post-conviction counsel was ineffective under <u>Strickland</u>, or how the ineffective assistance of trial counsel was substantial, as required to establish an excuse under <u>Martinez</u>. Therefore, the Court also rejects Petitioner's claim that procedural default of Ground 6 should be excused based on the alleged ineffective assistance of counsel.

Petitioner failed to exhaust Ground 6 of his habeas petition in state court and that claim is now procedurally defaulted. Because Petitioner points to no valid reason for why the procedural default of this claim may be excused, the Court may not consider the claim on habeas review. For these reasons Ground 6 is denied.

### 2. Ineffective Assistance of Trial Counsel for Failure to Call Witness Barbara Bass (Ground 5(b))

As discussed above, Ground 5(b) of the Habeas Petition consists of a claim of ineffective assistance of trial counsel for failing to call known witness Barbara Bass at trial. <u>See</u>

Habeas Pet. ¶ 77. According to Petitioner, Bass "was a worker in the drug house" where the February 24, 1998 shooting occurred. Habeas Pet. ¶ 77.[10] Petitioner contends that in Bass's statements to police prior to trial, "she provided an alternative motive and set of suspects for the shooting when she related that the drug house was robbed not long before the shooting . . . ." Id.

Petitioner first raised this ineffective assistance claim in his pro se PCRA submissions. See PCRA Pet. at 14-16. Petitioner's initial PCRA counsel determined that the claim lacked merit, see Aug. 26, 2008 Letter, and did not include it in the amended PCRA petition. Petitioner did not further pursue the claim. Thus the Pennsylvania courts have not had occasion to rule on the merits of this claim. Petitioner has failed to exhaust this claim in state court, and because the time frame for doing so has lapsed, the claim is procedurally defaulted.

Petitioner argues that procedural default should be excused as to this claim due to alleged ineffective assistance of initial or appellate PCRA counsel. See Reply Br. Supp. Habeas Pet. 22-24. Leaving aside the issue of whether Petitioner might rely on the reasoning in Martinez to excuse procedural default

---

[10]   The Court denies Petitioner's claim as to Darlene Studevan due to procedural default, supra, as it was last raised and denied on procedural grounds by the Pennsylvania Superior Court as part of Petitioner's PCRA appeal. Because the claim relating to Barbara Bass was not raised as part of the PCRA appeal, the Court addresses it separately here under an exhaustion analysis.

based on the failings of collateral _appellate_ counsel, as discussed _supra_, this argument fails, as Petitioner provides no support for why collateral counsel was constitutionally ineffective in failing to raise this claim (as opposed permissibly deciding to not pursue a non-meritorious claim). Additionally, Petitioner fails to provide any evidence that the underlying action of trial counsel to not call Barbara Bass was ineffective assistance at all, much less the sort of substantial claim required to provide for an excuse under _Martinez_.

The Court may not entertain for purposes of habeas review Petitioner's Ground 5(b), as this claim has not been exhausted in state court and now is subject to procedural default. Ground 5(b) is therefore denied.

C.   **Claims Reviewed on the Merits**

1.   **Insufficiency of Evidence at Trial to Support a Finding of Guilt Beyond a Reasonable Doubt (Ground 1)**

In Ground 1 of the Habeas Petition, Petitioner asserts that his conviction of first degree murder violated his Fourteenth Amendment Due Process rights because the evidence set forth at trial was insufficient to allow a rational finder of fact to find the existence of all elements of the offense beyond a reasonable doubt. See Habeas Pet. ¶¶ 27-34. Specifically, Petitioner claims that at trial the Commonwealth never contended that Petitioner was the shooter involved in the crime charged,

and did not present sufficient evidence to establish

Petitioner's culpable participation (including the mens rea of

specific intent) in the underlying crime. See id. ¶¶ 29-34; Br.

Supp. Habeas Pet. 1-4. In support of this sufficiency claim,

Petitioner cites to testimony presented at trial which indicated

that Petitioner and his confederate, Ash, had driven up to the

house involved in the incident, and that Petitioner had remained

in the car while Ash stepped out and fired a gun repeatedly into

the house and then drove away.[11] See Br. Supp. Habeas Pet. 2-4;

Resp. Opp'n R&R 19-21. Petitioner argues that this evidence was

insufficient to establish that Petitioner was a principal in the

February 24, 1998 shooting. Further, Petitioner asserts,

evidence presented by the Commonwealth to instead establish

accomplice liability, including evidence of an escalating

dispute with between Sam Brice and Petitioner over a drug debt

---

[11]    Petitioner points to the testimony of Walter Scott, Denisha
Studevan, and Kellie Lindsey. Before Petitioner's 2001 retrial,
each of these witnesses testified to the details of the February
24, 1998 shooting, either at the first trial in 1999, or in
police statements. See Br. Supp. Habeas Pet. 1-4. In police
statements, Scott and Lindsay both indicated that they had
observed Petitioner and Ash arrive at the location of the
shooting, and that Ash stepped out of a car and fired into the
house, while Petitioner remained in the car. See id. 2. Because
neither witness recalled the incident at the time of the 2001
trial, and because their prior police statements did not refresh
their memories, the statements were read to the jury at the 2001
trial. Id. Denisha Studevan provided a police statement, which
was presented at trial as well, where she indicated seeing Ash
driving Petitioner's car, with Petitioner in the passenger seat,
and that Ash had exited the car and fired into the house. See
id. at 3.

and evidence of Petitioner's involvement in witness intimidation, was insufficient to establish the element of specific intent to kill. Pet'r's Objections at 21.

The Court first must determine whether this claim was properly exhausted in state court, and only then may proceed to analyze the claim on its merits.

### a. Exhaustion of Sufficiency Claim in State Court

As noted previously, a petitioner seeking federal habeas review of a state court conviction must first exhaust remedies relating to his habeas claim in state court. See 28 U.S.C. 2254(b)(1)(A); O'Sullivan, 526 U.S. at 842-43.

Petitioner first raised this challenge to the sufficiency of his conviction at trial, where it was denied in the trial court's April 2, 2002 opinion. See Trial Ct. Op. 7-9. On direct appeal of his conviction, Petitioner renewed his sufficiency claim. See Pet'r's Direct Appeal Br. at 7-8. In an opinion issued on February 13, 2004, the Superior Court reviewed the merits of this claim and then denied it, affirming Petitioner's conviction. See Sup. Ct. Op. at 3-5; see also Br. Supp. Habeas Pet. 12. Accordingly, the Court finds that Petitioner's sufficiency claim has been exhausted in state court and is ripe for federal habeas review.

### b. Standard of Review

Where a prisoner raises a due process challenge to his

conviction based on the sufficiency of evidence, a reviewing court on direct appeal must decide "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Eley v. Erickson</u>, 712 F.3d 837, 847 (3d Cir. 2013) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)) (emphasis in original). The reviewing court must accord "broad discretion" to the fact finder at trial "in deciding what inferences to draw from the evidence presented at trial, requiring only that [the factfinder] 'drew reasonable inferences from basic facts to ultimate facts.'" <u>See Coleman v. Johnson</u>, 132 S.Ct. 2060, 2064 (2012) (quoting <u>Jackson</u>, 443 U.S. at 319). In applying this standard, the reviewing court must consider the substantive elements of the criminal offense as they are defined by state law. <u>See id.</u> at 2064; <u>Jackson</u>, 443 U.S. at 324 n.16; <u>Orban v. Vaughn</u>, 123 F.3d 727, 732 (3d. Cir. 1997).

While the elements of a criminal conviction are to be defined by state law, a reviewing court's determination of whether sufficient evidence was produced to satisfy each element is governed by federal law. <u>See Coleman v. Johnson</u>, 132 S.Ct. at 2064 ("[T]he minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law.").

Where a federal court reviews a sufficiency claim as part of a habeas petition, further deference to the initial conviction is required under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). Federal habeas relief that disturbs a state court adjudication can only be granted where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Accordingly, Petitioner's pending sufficiency claim may only result in habeas relief if the Court finds that the Pennsylvania Superior Court's application of the federal "no rational trier of fact" standard was unreasonable. See Coleman v. Johnson, 132 S.Ct. at 2062, 2065 (stating that a state court's review of whether a conviction met the Jackson standard was "entitled to considerable deference under AEDPA"); see also Lopez v. Collins, Civ. No. 12-97, 2014 WL 562657, at *17-18 (W.D. Pa. Feb. 11, 2014).

### c. Elements of Petitioner's State Law Crime

To review whether the Pennsylvania Superior Court reasonably applied the clearly-established Jackson standard to Petitioner's sufficiency claim, the Court now lays out the essential elements of Petitioner's state law conviction for

first-degree murder.[12]

Under Pennsylvania law, a first-degree murder is a "criminal homicide . . . committed by an intentional killing." 18 Pa. C.S.A. § 2502(a); see also Commonwealth v. Rega, 593 Pa. 659, 680 (2007) (defining first degree murder by three elements: (1) an unlawful homicide; (2) committed by the accused; (3) where the accused acted with specific intent to kill). The element of an "intentional killing" is further defined as a "killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing." 18 Pa. C.S.A. § 2502(d).

Because Petitioner was charged as an accomplice rather than a principal, two additional elements must be satisfied. "First, there must be evidence that [Petitioner] intended to aid or promote the underlying offense," and "[s]econd, there must be evidence that [Petitioner] actively participated in the crime by soliciting, aiding, or agreeing to aid the principal." Rega, 539 Pa. at 690; see also 18 Pa. C.S.A. § 306(c).

---

[12]    While the Habeas Petition asserts that "insufficient evidence" was presented at trial "to establish that Petitioner had an intent to kill; a specific intent to kill; was an accomplice to the killing or engaged in a criminal conspiracy to kill," Habeas Pet. ¶ 34, Petitioner includes nowhere in his submissions any discussions of the legal elements of criminal conspiracy or how the evidence presented at trial was insufficient to satisfy those elements. Because a claim of sufficiency of Petitioner's conviction for conspiracy was thus not adequately raised, the Court does not address it.

Petitioner correctly notes that Pennsylvania requires that where a specific intent is an element of a substantive offense, a defendant can only be found liable on an accomplice liability theory where he independently possessed the specific intent required for the offense. See 18 Pa. C.S.A. § 306(d). Accordingly, Petitioner's conviction demanded that the Commonwealth present sufficient evidence at trial to allow a reasonable fact-finder to find that Petitioner possessed a specific intent to kill. See Commonwealth v. Cox, 581 Pa. 107, 132-33 (2004); Commonwealth v. Wayne, 553 Pa. 614, 631 (1998); Laird v. Horn, 414 F.3d 419, 425 (3d Cir. 2005) ("Under Pennsylvania law, first-degree murder requires the specific intent to kill, and that mens rea is also required of accomplices . . . .").

### d. Analysis

In considering Petitioner's sufficiency claim on direct appeal, the Superior Court correctly noted that the elements of a first-degree murder require finding that an unlawful killing occurred where the accused possessed a "specific intent to kill." Sup. Ct. Op. 4. In affirming the conviction and rejecting Petitioner's claim that insufficient evidence had been presented at trial to prove specific intent, the Superior Court relied on the following: (1) "that the murder was a calculated retaliation for the attack on [Petitioner] just the day before," (2) that

42

Petitioner and Ash had "drove [Petitioner's] car to the crime scene" while "equipped with a loaded assault rifle," (3) that the men "exited the vehicle while Ash filed shots into the house,"[13] (4) that Petitioner and Ash "fled together in the same car," and (5) that both Petitioner and Ash threatened to harm eyewitnesses for reporting the murder. Sup. Ct. Op. 5.

Petitioner asserts that these facts were insufficient to prove the necessary elements of his conviction, citing numerous cases where Pennsylvania courts have found that particular factual details—such as that a defendant had a long-standing relationship with a principal offender, or was present at the time of the offense—were insufficient to support the defendant's conviction. See Pet'r's Objections 27-29. The cases cited by Petitioner do not support Petitioner's sufficiency claim,

---

[13]   Petitioner specifically argues in his Habeas Petition that the Superior Court erred in denying his sufficiency claim based on a finding that both Petitioner and Ash had exited the car. Petitioner claims that this detail is unsupported by the evidence at trial and therefore that relying on the detail in a finding of sufficiency is unreasonable. Petitioner refers to the fact that at trial, prior testimony of several witnesses was presented where they stated that Petitioner had been present at the scene of the crime but had remained in the car while Ash got out and fired a gun into the house. See Br. Supp. Habeas Pet. 13. However, at trial the Commonwealth also presented conflicting prior statements of these witnesses, where they stated that Petitioner had also gotten out of the car with Ash. See Govt's Resp. Opp'n 31-32. Accordingly, as there was evidence at trial to support either a finding that Petitioner did or did not remain in his vehicle during the February 24, 1998 shooting, it is not the Court's place to disturb the trial court's finding on the matter.

however, as each case goes to whether individual pieces of evidence, taken on their own, might be sufficient to support a conviction; this body of case law does not speak to whether the evidence on the record in Petitioner's trial, as a whole, was sufficient to justify his conviction.

In this case, the Superior Court correctly applied a deferential standard for review, noting that "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction." Sup. Ct. Op. 3. The Court here finds that the Superior Court's ruling reasonably applied the federal "no rational trier of fact standard," Coleman v. Johnson, 132 S.Ct. at 2062, and accordingly the Court may not here disturb that ruling on habeas review. For this reason, Ground 1 of the Habeas Petition is denied.

### e. Sufficiency Claim Based on Inconsistent Testimony of Three Witnesses

Petitioner further challenges the sufficiency of evidence presented at trial, noting that three key prosecution witnesses, Denisha Studevan, Walter Schott, and Kelly Lindsay, gave inconsistent statements relating to Petitioner's presence at the time of the shooting, and that these witness failed to actually testify to these facts at trial. See Br. Supp. Habeas Pet. 1-4.

44

Petitioner's argument regarding these witnesses, however, actually goes to the weight and credibility of their testimony, not to the sufficiency of evidence presented at trial. The Superior Court, in rejecting Petitioner's sufficiency challenge, correctly emphasized that "the trier of fact is free to believe all, part or none of the evidence" and that the credibility and weight to be accorded to trial evidenced is within the province of the trier of fact. Sup. Ct. Op. 3. The Superior Court's holding on this matter is a reasonable application of federal law, which clearly states that factual determinations made by a trial court, such as the credibility and weight of witness testimony, must remain untouched in the absence of clear and convincing evidence of unreasonableness. See Washington v. Sobina, 509 F.3d 613, 609 (3d Cir. 2007); see also Thompson v. Keohane, 516 U.S. 99, 11-12 (1995) (stating that questions of fact resolved at trial, including appraisal of witness credibility, warrant a presumption of correctness on habeas review under § 2254(e)); Gomez v. Pitkins, Civ. No. 10-0955, 2010 WL 7765836, at *7 (E.D. Pa. Oct. 20, 2010) (citing Tibbs v. Florida, 457 U.S. 31 (1982)). Petitioner's arguments about the strength and credibility of witness testimony at trial cannot form the basis for a sufficiency challenge, and so this alternative theory for Ground 1 of the Habeas Petition is also denied.

45

## IV.   CONCLUSION

For the reasons provided, the Court approves and adopts Judge Caracappa's Report and Recommendation, overrules Petitioner's objections thereto, and denies the Petition for a Writ of Habeas Corpus without an evidentiary hearing.